## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

**BOY RACER, INC.**
      Plaintiffs,

vs.

      **Civil Action No. 4:12-cv-01033-CEJ**

**JOHN DOE,**
      Defendant.

_____/

## MOTION TO QUASH OR MODIFY SUBPOENA

    Defendant, J. Doe, identified by IP address 72.188.174.62, hereinafter "Defendant", by and through her attorney, Sasha A. Watson, respectfully submits this Motion requesting that the court issue an order: (1) quashing the Subpoena Duces Tecum dated June 19, 2012 and served on the Defendant's Internet Service Provider ("ISP") Bright House Networks, LLC c/o Neustar, Inc.; (2) sever the Defendant based on misjoinder; and (3) staying the proceedings based on the resolution of the misjoinder of John Doe Defendant.  Alternatively, if the Court denies the instant motion to quash, Defendant requests that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enter a Protective Order prohibiting any party from publicly disclosing any information relating to Defendant that the Plaintiff obtains via the subpoena, including requiring any pleadings filed in this action that contain Defendant's confidential information to be redacted and filed under seal to prevent public disclosure.

### FACTUAL BACKGROUND

1. On June 19, 2012, this Court issued an Order (See Exhibit A) permitting Plaintiff to serve a Rule 45 subpoena on each defendant's internet service provider (ISP) seeking personal identifying information regarding each defendant – i.e. each defendant's true name, address, telephone number, e-mail address, and media access controls address.

2. On June 25, 2012, the Plaintiff's attorney, Paul Duffy, Prenda Law, Inc., issued a subpoena duces tecum directing that the Defendant's ISP provide the Defendant's identifying information by July 30, 2012. See Exhibit B.

3. The Defendant's ISP provided written notice to Defendant dated July 13, 2012 and served

by mail which stated in part that the ISP would turn over the requested information unless objections were filed and notice of said filing received by the ISP by July 27, 2012.

4. Neither the letter submitted by the ISP nor the Subpoena and motion upon which it is based has stated any affirmative allegations against the Defendant.

5. The case number referenced above and in the subpoena and motion does not reference any complaint or summons filed in this case so there is no submitted proof of wrongdoing or allegations of wrongdoing on the part of the Defendant.

6. The Defendant, on information and belief, obtained by an internet search of the Plaintiffs for profit mass litigation tactics, has learned that the Plaintiff, Boy Racer, Inc.'s business activity is to produce pornographic films.

## INTRODUCTION

The instant case is part of a systematic effort to build a business model based on weak allegations of copyright infringement and questionable use of the legal system to quickly wrest profit generating settlements from Defendants intimidated by the high cost and potential liability of such litigation.

Various courts have skeptically analyzed these "for-profit copyright lawsuits" as an abuse of the judicial system. Defendant finds the Chief Justice of the U.S. District Court for the District of Nevada Judge Robert Hunt's analysis to be especially relevant when describing such suits as merely Plaintiff's "attempt to create a cottage industry of filing copyright claims, making large claims for damages and then settling claims for pennies on the dollar." *Democratic Underground*, No.2:11-cv-01356 (D. Nev. Apr. 14, 2011), Dkt. 94. Other Courts have been even more direct, excoriating "plaintiffs who file cases with extremely weak infringement positions in order to settle for less than the cost of defense and have no intention of taking the case to trial. Such a practice is an abuse of the judicial system and threatens the integrity of and respect for the courts." Mem. Op. and Order at 5, *Raylon LLC v. EZ Tag Corp.*, No. 6:09-cv-00357 (E.D. Tex. Mar. 9, 2011), Dkt. 115.

In the case at bar, the plaintiff, Boy Racer, Inc., shows a consistent pattern of engaging in these for profit litigation models and appears content to force settlements without incurring any of the burdens involved in proving their cases. Specifically, Plaintiff, Boy Racer, Inc. has five (5) cases pending in district courts across the United States and has filed over twenty (20) similar

lawsuits since 2011. And, while the courts favor settlements, "filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for." *IO Group, Inc. v. Does 1-435*, No. C10-4382 SI, 2011 WL 445043, at *6 (N.D. Cal. Feb. 3, 2011).Order Dismiss. Comp. Patrick Collins, Inc, v. Does 1-1,219 Case 4:10-cv-04468-LB Dkt No. 27(D. Cal. 2011) 08/29/11.

Based on the extraordinarily large number of analogous cases, treated in the same or similar manner by plaintiffs, it appears that such mass-copyright litigation lawsuits are a vehicle "to identify hundreds of Doe defendants through pre-service discovery," then, regardless of any consideration of guilt or innocence seek to coerce largely contingent-fee settlements, sometime through harassing letters and direct phone calls with no real intent to actually litigate such claims. This for-profit business model becomes more obvious when one considers the actual number of defendants claimed in such actions versus the astonishingly low number of actions actually commenced.[1]

It now appears that the Plaintiff merely seeks to take advantage of the threat of a massive award of statutory damages, attorney's fees, ignorance about defenses, and perhaps most importantly, the stigma which attaches to defendants when associated with illegally downloading films, and in particular pornographic films, to coerce quick, and profitable contingency-fee settlements. The Colorado courts and other Federal Courts have specifically and directly condemned such for-profit copyright litigation models. *Righthaven LLC v. Hill*, No. 1:11-cv-00211 (D. Colo. Apr. 7, 2011) (J. Kane), Dkt. 16 (stating "Plaintiff's wishes to the contrary, the courts are not merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability").

In light of the above referenced authority Defendant asks the Court to sever and dismiss Defendant from the present suit, and quash Plaintiff's subpoena. Additionally, Defendant by her attorney,—in the interests of judicial economy, and as an officer of the Court—seeks an order, staying this case pending resolution of the issue of misjoinder.

Due the inflammatory subject matter, the unique procedural posture of so many misjoined

---

[1] As of March 2011, more than 136,000 Does claimed as Defendants in such actions, however, the number of actual copyright infringement actions commenced was less than 100. See *Wired Magazine's* spreadsheet prepared from existing federal court data at:
http://www.wired.com/images_blogs/threatlevel/2011/03/spreadsheet-fslit-current-v1.2.01.xls.

Defendants, identical cases now pending before this Court, and massive potential liabilities, that—if Plaintiff's joint and several theories are to be credibly believed could result in excess of several millions of dollars based solely on weak allegations of what can only be described at best, as *de minimus* acts—the need to cautiously evaluate the various substantive and procedural safeguards is paramount.

Unfortunately, as has been played out in cases across the country, plaintiffs in these types of for-profit cases typically disregard both substantive and procedural safeguards, implemented by federal law to protect potential defendants. The present case is no exception. Plaintiff has disregarded the basic Federal Law. Plaintiff has misjoined all defendants with overly broad allegations and complaints. The sole reason here must be to avoid the cost of appropriately filing individual cases.

Due to the documented behavior of plaintiffs, in these types of cases, using the information obtained from these subpoenas to harass, threaten and coerce the Doe defendants into settling, it is submitted that the Plaintiff's subpoena also impermissibly subjects Defendant to unwarranted annoyance, embarrassment, and oppression. Furthermore, there is no support for Plaintiff's allegation that Defendant's alleged infringement is either continuous or serial in nature and no identification of the file name of the infringement involved. Accordingly, the subpoena must be quashed to avoid considerable injustice. If the Court denies Defendant's request that the Court quash the subpoena, Defendant asks that the Court issue a Protective Order to protect Defendant from undue hardship, annoyance, embarrassment, and oppression.

## MEMORANDUM OF LAW

### I. AUTHORITY TO QUASH SUBPOENAS AND ISSUE PROTECTIVE ORDERS

Pursuant to Rule 45(c)(3), a court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden." A court may modify or quash a subpoena that, *inter alia*, requires disclosing confidential information.

Moreover, Federal R. Civ. P. 26(c)(1) provides that, "a party or person from whom discovery is sought may move for a protective order where the action is pending…The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden, or expense, including…forbidding the disclosure or discovery." Last, Federal R. Civ. P. 26(c)(1), instructs that court to limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure, or by local rule, if it determinates that…the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues.

Here, the Plaintiffs, as part of its for-profit business model, seeks Defendant's confidential personal identifying information from Defendant's ISP so that Plaintiff can annoy and embarrass Defendant, and coerce a quick and profitable settlement under the threat of publicly outing Defendant of illegally downloading movies including pornography—despite no evidence or specific allegation being produced and no complaint served in this case calling into question whether the Plaintiffs actually have a cause of action.

The Plaintiff's subpoena can only be intended to cause an undue annoyance, embarrassment, and oppression that would result if Defendant's personal identifying information were associated, without sufficient evidentiary support, of illegally downloading pornography. Such association would be highly embarrassing to Defendant, unjustifiably stigmatizing to Defendant, injurious of the Defendant's character and reputation, and potentially jeopardizing to the Defendant's employment. Moreover, even after Defendant is able to demonstrate that Plaintiff's allegations in this suit are false, the embarrassment and reputational damage from Plaintiff's false public claim will still persist. However, by quashing the Plaintiff's subpoena, the Court can prevent Defendant from being unjustly harmed and embarrassed by premature allegations of downloading illegal pornography. Under these circumstances, the subpoena should be quashed.

## II. PERMISSIVE JOINDER

Pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedures, permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Expressly, Rule 20(a)(2) is "designed to promote judicial economy and convenience." *Hard Drive Productions, Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 16.

See also *Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33. Federal R. Civ. Pro. 20 further provides that upon finding misjoinder of parties, upon motion or upon its own, a court may, at any time, add or drop a party. The Court may also sever any claim against a party. With respect to joinder in Bit Torrent technology cases, while a relatively new legal phenomena, the majority of Courts dealing with the issue have almost universally found that the putative Defendants have been misjoined, and required severance and dismissal. Courts in Illinois, West Virginia, Texas, California, New York have all found the joinder of Defendants based on Bit Torrent protocols to be inappropriate.

Guidance can be provided from several recent decisions. For example, the Northern District of California has repeatedly found that use of Bit Torrent protocols is insufficient to satisfy the requirements of Rule 20(a), despite the fact that defendants are part of a single "swarm." One District Court recently acknowledged that: "[T]he plaintiffs in these cases appear content to force settlements without incurring any of the burdens involved in proving their cases. And, while the courts favor settlements, filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for."*Hard Drive Productions, Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 943 *19; *citing IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at 6 (N.D.Cal. Feb. 3, 2011).

In the instant case the Defendant must be severed and dismissed because joinder is improper under Rule 20(a) of the Federal Rules of Civil Procedures. The claims against Defendant (as well as those asserted by other Doe Defendants) qualify as a unique case, and are inappropriate to join because each Doe has separate network configuration hardware and varying ISPs, which requires individual investigation and give rises to separate and individual defenses. Exhibit A, provided by Defendant in their Complaint, merely shows various different internet service providers on hundreds of different dates over the course of the several different months. Defendant, Boy Racer Inc., has had these types of joinders squashed in the past because there is no allegation that the multiple Doe defendants have acted in concert or even that any particular defendant has illegally shared the copyrighted file with any other particular defendant. Order at 6 *Boy Racer, Inc., v. Does 1-60,* No. C 11-01738 SI (N.D. Cal. August 19, 2011) (ordering that Doe defendants 2-60 be squashed and severed from the present lawsuit because they were improperly

joined and the "nature of the BitTorrent protocol does not justify joinder of the otherwise unrelated Doe defendants). Moreover, since the Defendant received no complaint or even notice of the allegation(s) being made, the Defendant further asserts that the plaintiff either misrepresented its position to improperly join the defendants or lacks a cause of action evidenced by their failure to properly plead a cause of action upon which remedy may be granted.

### III. DISCRETIONARY SEVERANCE

Even if Rule 20(a) of the Federal Rules of Civil Procedures, requirements are met, "a District Court must examine whether permissive joinder would comport with the principals of fundamental fairness or would result in prejudice to either side." 2011 U.S. Dist. LEXIS 94319 at 17. *See also Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1296 (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375). Further, pursuant to Rule 20(b) of the Federal Rules of Civil Procedure, a district court is permitted to sever claims or parties where "[i]nstead of making the resolution of [the] case more efficient . . . joinder would instead confuse and complicate the issues for all parties involved." *See, e.g., Wynn v. National Broadcasting Company*, 234 F. Supp. 2d 1067, 1088  (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the Court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]") (citing *Coleman*, 232 F.3d at 1296). *Id* at 17.

As referenced above, in a case involving BitTorrent downloading, Judge Spero found that permitting joinder was not only impermissible, but would "undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case, and would substantially prejudice defendants and the administration of justice." *Id. at* 40-41. Citing *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1296 (9th Cir. 2000); citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980) (finding that the district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).

### IV. DISCRETION TO STAY PROCEEDINGS

A stay of the proceedings in this matter is necessary to prevent the disclosure of Defendant's confidential information before the court has had the necessary time to consider and rule on the efficacy of Defendant's motion. "The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 U.S. Dist. LEXIS 62160, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (unpublished decision) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTBPAC, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). However, when applying for a stay, "a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Ben Ezra*, 206 F.3d at 987 (quoting *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir. 1985).

### V. ALTERNATIVELY, IF THE SUBPOENA IS NOT QUASHED, A PROTECTIVE ORDER SHOULD BE ENTERED PRECLUDING PUBLIC DISCLOSURE OF DEFENDANT'S CONFIDENTIAL INFORMATION.

Although the subpoena should be quashed in its entirety for the reasons set forth above, in the event that the Court denies Defendant's motion to quash, Defendant respectfully requests that the Court simultaneously enter a protective order prohibiting the public disclosure of any confidential information relating to Defendant that is obtained from Defendant's ISP through the subpoena.

Under Rule 26(c), this Court is authorized to issue such a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure [and] limiting the scope of disclosure . . . as to certain matters." Fed. R. Civ. P. 26(c)(1)(B), (D).

Here, if the Court does not quash Plaintiff's otherwise improper subpoena, the Court, at a minimum, should enter a protective order prohibiting the public disclosure of any information relating to Defendant obtained via the subpoena. Among other things, the protective order should mandate that all court filings in this action that contain or reference information relating to Defendant obtained via the subpoena must either be redacted or filed under seal to prevent the public disclosure and ensure the continued confidentiality of that information. Such a public accusation would be highly embarrassing to Defendant, unjustifiably stigmatize Defendant, injure Defendant's character and reputation, and potentially jeopardize Defendant's employment.

Moreover, even after Defendant is able to demonstrate that Plaintiff's allegations in this suit are false, the embarrassment and reputational damage from Plaintiff's false public claim will still persist. By entering the requested protective order, however, the Court can prevent Defendant from being unjustly harmed and embarrassed by premature allegations of downloading illegal pornography without impairing Plaintiff's ability to obtain the requested information and otherwise litigate its case.

Prohibiting public disclosure of Defendant's confidential information is necessary to prevent Defendant from suffering undue annoyance, embarrassment, and oppression that would result if Plaintiff, without sufficient evidentiary support, publicly accuses Defendant of illegally downloading pornography. In addition, such protection will comport with this Court role as an impartial adjudicator of legal disputes and not "merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability." *Righthaven LLC v. Hill*, No. 1:11-cv-00211 (D. Colo. Apr. 7, 2011) (J. Kane).

As noted *infra*, could "the embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether [Plaintiff] has competent evidence to prove its case." 2011 U.S. Dist. LEXIS 64656, 5-6 (C.D. Ill. Apr. 29, 2011). Is it then illogical or unthinkable to think that an anonymous Defendant—irrespective of actual guilt or innocence—faced with the professional/ personal ruin, along with the uncertainty and cost of a federal lawsuit would not simply decide to pay a few thousand dollars to make "it" all go away? Such Protection Order furthers this appropriate judicial role and would not prejudice Plaintiff's rights in any way.

Accordingly, if the Court does not quash Plaintiff's defective subpoena, the Court should enter a protective order: (A) prohibiting the public disclosure of any information relating to Defendant obtained from Defendant's ISP through Plaintiff's subpoena without Defendant's consent or the Court's prior authorization; and (B) requiring any party filing a pleading in this action that contains or references any information relating to Defendant produced in response to the subpoena to redact that information from the version of the pleading that is publicly filed and file an unredacted version of the pleading with the Court under seal.

WHEREFORE, for the above stated reasons, the Defendant, Doe requests an order (1) quashing the Subpoena Duces Tecum dated June 19th 2012 and served on the Defendant's Internet Service Provider ("ISP") Bright House Networks, LLC c/o Neustar Inc.; (2) sever the Defendants based on misjoinder; and  (3) staying the proceedings based on the resolution of the

misjoinder of John Doe Defendants.  Alternatively, if the Court denies the instant motion to quash, Defendant requests that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enter a Protective Order prohibiting any party from publicly disclosing any information relating to Defendant that the Plaintiffs obtains via the subpoena, including requiring any pleadings filed in this action that contain Defendant's confidential information to be redacted and filed under seal to prevent public disclosure.

### CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made r3053978easonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so.  The reasonable efforts made were specifically as follows:

File was received on Wednesday July 18, 2012. Action was required by Friday July 27. Telephone conference was conducted on July 19th with Prenda Law, Inc. in order to notify them of the filing of this Motion.

Dated July 24, 2012

**Respectfully Submitted by**

_____
Sasha A. Watson, Esq. (Bar #42845)
Hylton Adamson, Watson & Moore, PLLC
120 East Colonial Drive
Orlando, FL, 32801
Telephone: (407) 802-3223
Facsimile: (407) 377-1971
Email: swatson@hawmlaw.com
Attorneys for Movant/Defendant John Doe

# EXHIBIT A

# EXHIBIT B